UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC GAVELEK MUNCHEL and<br>LISA MARIE EISENHART,<br><br>*Defendants.* | Case No. 1:21-cr-118-RCL |

## MEMORANDUM ORDER

Before the Court is the government's motion [36] to supplement the record on appeal.

### I. BACKGROUND

The defendants are each charged with four felonies stemming from their alleged participation in a mob that stormed the Capitol on January 6, 2021. Following their arrests on criminal complaints in Nashville, the defendants appeared before a Magistrate Judge in the Middle District of Tennessee for their initial appearances, preliminary hearings, and—pursuant to the government's motions for pretrial detention—detention hearings. The Magistrate Judge ordered both defendants conditionally released pending trial. *See* Order Setting Conditions of Release, *United States v. Munchel*, No. 3:21-mj-2668 (M.D. Tenn. Jan. 22, 2021); Order Setting Conditions of Release, *United States v. Eisenhart*, No. 3:21-mj-2679 (M.D. Tenn. Jan. 25, 2021).

The government promptly sought review of both release orders. As the case had not yet been assigned to a judge, Chief Judge Beryl A. Howell initially handled those motions. *See* LCrR 57.14(e). She stayed both release orders pending appeal, ECF Nos. 4, 7, and ordered both defendants transported to this District, ECF Nos. 5, 8, 9. On the day the defendants arrived in this District, the grand jury indicted them, ECF No. 21, and the case was assigned to this Court.

The Court immediately scheduled an arraignment and detention hearing. Prior to the hearing, the Court received defendant Munchel's exhibits—papers and a DVD—from the Chief Judge's chambers. The Court also received from the government digital copies of exhibits, which the government had previously lodged with the Chief Judge.[1] The government's exhibits consisted of a series of videos and partial transcripts of one of those videos. None of the exhibits, either from the government or defendant Munchel, were formally filed with the Clerk of Court.

The Court arraigned the defendants. *See* Tr. 6:14–7:13 (Feb. 17, 2021), ECF No. 32. Following arraignment, the Court entertained the government's oral motion for detention based on the offenses contained in the indictment. *Id.* at 7:15–19. The Court granted the government's motion and ordered the defendants held without bond. *See* Detention Order, ECF No. 25; Detention Order, ECF No. 26; *see also* Mem. Op., ECF No. 24. Consequently, the Court denied as moot the government's motions to review the Magistrate Judge's release orders. Mem. Order (Feb. 17, 2021), ECF No. 27.

Both defendants appealed the Court's detention orders. Notice of Appeal, ECF No. 30; Notice of Appeal, ECF No. 31.

After the defendants appealed, the government filed all of its exhibits with the Court under seal. ECF No. 35; *see also* Order (Mar. 3, 2021), ECF No. 37 (sealing exhibits). Now before the Court is the government's motion to supplement the record on appeal with one of the exhibits it lodged with the Court: a 50-minute video that defendant Munchel filmed with a chest-mounted

---

[1] The government apparently provided those exhibits to the Court without providing them to defense counsel. That was procedurally improper. *Ex parte* communications are disfavored. *See, e.g.*, *United States v. George*, 786 F. Supp. 11, 16 (D.D.C. 1991). And the government offers no reason to justify its *ex parte* lodging of exhibits. At the same time, the government expressly disclosed that it would be providing the primary video to the Court. *See* Appeal, ECF No. 3 at 9 (noting that Munchel's iPhone video "will be made available to the Court"). Given that the defendants should have known that the Court had the full video and given that the Court proceeded by proffer at the detention hearing—allowing the defendants to proffer anything depicted in the full video regardless of whether the video had been admitted into evidence—the Court cannot say that the government's lodging was substantively improper.

iPhone on January 6. The parties have fully briefed the motion. *See* Mot., ECF No. 36, 39, 41; *see also* Order (Mar. 3, 2021) (setting expedited briefing schedule in light of Circuit briefing schedule).

## II.   LEGAL STANDARD

Rule 10 of the Federal Rules of Appellate Procedure governs the record on appeal. The papers and exhibits filed in the district court, any transcript of the district court proceedings, and the district court's docket entries constitute the record on appeal. *See* Fed. R. App. P. 10(a). The Rules oblige the district court to settle disputes about the record, *see* Fed. R. App. P. 10(e)(1), and empower it to supplement the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident," Fed. R. App. P. 10(e)(2).

At its core, Rule 10 seeks to respect the district court's role as fact-finder by confining appeals to the evidence the district court considered. *See* 16A Wright & Miller, *Federal Practice and Procedure* § 3956.1 (5th ed. Oct. 2020 update). The purpose of Rule 10(e) is to ensure that the record on appeal accurately reflects the record on which the district court relied. *Id.* at § 3956.4.

## III.   ANALYSIS

The parties agree that the video is not currently part of the record on appeal. The Court, however, disagrees. The government lodged the video with the Court, but it did not file it under the procedures required by Rule 49(b) of the Federal Rules of Criminal Procedure until after the defendants appealed. Mere delivery of an exhibit to chambers—without evidence that the court considered the evidence—does not suffice to incorporate the exhibit in the record on appeal. *See Robinson v. Sanctuary Rec. Grps.*, 589 F. Supp. 2d 273, 275 (S.D.N.Y. 2008); *see also* Wright & Miller, *supra* § 3956.1. But when a piece of evidence was submitted to the district court, discussed at a hearing, and relied upon in an opinion, it is properly before the court of appeals regardless of whether the clerk enters the evidence on the docket. *See Townsend v. Columbia Operations*, 667

F.2d 844, 848–49 (9th Cir. 1982); *cf. Eyerman v. Mary Kay Cosmetics, Inc.*, 967 F.2d 213, 216–17 (6th Cir. 1992) (approving decision to supplement record to include such evidence). That is precisely what happened here: the government submitted the video to the Court, the government discussed the evidence at the hearing, *see, e.g.*, Tr. 9:17–19, 10:9–13, 35:24–36:2, 48:20–22, 50:9–11, 53:10–20, and the Court discussed the video in its opinion, *see* Mem. Op. 3–4, 12, 15. Accordingly, the video is a part of the record on appeal. If the record as transmitted to the Circuit does not properly reflect that it includes the video, the Clerk of Court should correct the record to clarify any confusion.

The video is not in the record on appeal, not because it is not a part of the record, but because of accident or error by the parties and the Court. Thus, the government is entitled to the relief it seeks.

The video is clearly material. The Court relied extensively on the video in describing the facts underlying its detention determination because it provided the best evidence of the defendants' conduct on January 6. *See* Mem. Op. 3–4, 12, 15 (citing video more than two dozen times). For the Circuit to review the Court's factual findings and conclusions of law, it must have the video before it.

And, if the video was excluded from the record, it was by error.[2] The video should have been explicitly included in the record because the Court considered and relied on the video and the record should "reflect[] what actually occurred in the [Court]." *Townsend*, 667 F.2d at 849.

---

[2] The government says it failed to formally submit the video to the Clerk of Court because it "mistakenly believed [its exhibits] had been provided, in their entirety, to the magistrate court in the Middle District of Tennessee[.]" Mot. 2.

The defendants argue that the record should not be supplemented because the government provided the video to the Court on an *ex parte* basis.[3] That argument fails because the defendants do not connect their objection to the Rule 10(e)(2)(B) inquiry. They cite no provision of the Federal Rules of Criminal or Appellate Procedure and no cases in support of their contention that Rule 10(e)(2)(B) forbids the Court from supplementing the record with materials received on an *ex parte* basis. The Court has not located any authority for that proposition. *Cf. Convertino v. U.S. Dep't of Justice*, 795 F.3d 587, 591 n.1 (6th Cir. 2015) (noting that court of appeals supplemented record pursuant to Rule 10(e)(2)(C) to include transcript of *ex parte* proceedings); *United States v. Reyes*, 596 F. App'x 800, 804 (11th Cir. 2015) (upholding Rule 10(e) order when *ex parte* communications led to drafting of the order itself); *United States v. Riley*, 336 F. App'x 269, 271–72 (3d Cir. 2009) (affirming district court after district court put *ex parte* communications in the record during a Rule 10(e) hearing). Nor would the Court expect to. The point of Rule 10(e) is to ensure that the Circuit has an accurate record of the proceedings below, not to litigate potential objections to the evidence in that record. The defendants' objections are irrelevant to deciding the government's motion to supplement.

Therefore, the record on appeal should be supplemented to make clear that it includes the video.

---

[3] The defendants also object to the government's *ex parte* submission of a rough transcript of the iPhone video and of Capitol security videos. As the government has not sought to supplement the record on appeal with those exhibits and as the Court did not rely on those exhibits in reaching its detention determinations, the Court does not address those objections in resolving this motion.

5

## IV.    CONCLUSION

For the reasons stated, the government's motion is **GRANTED** and the record on appeal is **ORDERED** supplemented with the iPhone video. The Clerk of Court shall certify and forward the record, as supplemented, forthwith. *See* Fed. R. App. P. 10(e)(2), 11(b)(1).

**IT IS SO ORDERED.**

Date: 3/5/21

Royce C. Lamberth
United States District Judge