UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CASE NO. 1:21-CR-00118-RCL |
| | : | |
| | : | |
| LISA EISENHART, | : | |
| | : | |
| | : | |
| DEFENDANT. | : | |

**RESPONSE TO DEFENDANT EISENHART'S MOTION FOR MODIFICATION OF BOND**

The United States of America, by and through its attorney the United States Attorney for the District of Columbia, respectfully responds to Defendant Eisenhart's Motion for Modification of Bond (ECF 81). Defendant Eisenhart requests, with the assent of U.S. Pretrial Officer Felicia White, that the Court modify her conditions of release by removing electronic location monitoring and curfew. The Government opposes.

I. **Background**

On January 6, 2021, thousands of people participated in an attack on the Capitol in an effort to disrupt the certification of the results of the 2020 presidential election. They forced their way into a federal building that was closed to the public on that day, requiring many elected officials and their staff – fearing for their safety – to flee or shelter in place, and injuring over one hundred law enforcement officers.

Defendant Eisenhart and co-defendant Eric Munchel are charged in an eight-count superseding indictment for their conduct on January 6, 2021 (ECF 76). The facts are summarized in the Court's Memorandum Opinion regarding detention, ECF 24. On January 6, 2021, Eisenhart and Munchel worked their way through the crowd gathered outside of the Capitol, with

Eisenhart encouraging others to enter the Capitol. Eisenhart celebrated reports that Congress had been "shut down" by tear gas and encouraged a man who claimed to have "punched two of them in the face[.]" *See* ECF 24 at 3. Eisenhart and Munchel entered the Capitol on January 6, 2021 while clad in tactical vests after stashing unidentified weapons in a backpack outside. *See* ECF 24 at 2-3. Munchel wore a Taser holstered to his hip when he entered the Capitol. *See* ECF 24 at 3. Eisenhart understood Munchel was armed as he stated to her that it was "probably the last time I'll be able to enter the building with armor and . . . fucking weapons." *See* ECF at 3. Both Eisenhart and Munchel breached the Capitol, and both obtained zip-ties while inside of the Capitol. *See* ECF 24 at 4. Eisenhart and Munchel entered the Senate gallery with the zip-ties. *See* ECF 24 at 4. Both left the Capitol building shortly thereafter, having spent approximately 12 minutes inside the building. After the riot, Eisenhart told *The Times* (of London) that:

> This country was founded on revolution. If they're going to take every legitimate means from us, and we can't even express ourselves on the internet, we won't even be able to speak freely, what is America for? I'd rather die as a 57-year-old woman than live under oppression. I'd rather die and would rather fight.

Laura Pullman, *Trump's Militias Say They Are Armed and Ready to Defend Their Freedoms, The Times* (of London) (Jan. 10, 2021), https: //www.thetimes.co.uk/article/trumps-militias-say-theyare-armed-and-ready-to-defend-their-freedoms-8ht5m0j70. *See* ECF 24 at 4.

The defendants appealed their pre-trial detention. Following the March 26, 2021 decision by the U.S. Court of Appeals for the District of Columbia Circuit, the United States withdrew its motion for detention and did not oppose release of the Defendants under the pretrial bond with special conditions including home detention and location monitoring. (ECF 59). Both defendants were subsequently released with the special conditions of release.

## II. Argument

Pursuant to 18 U.S.C. § 3142(c), if the judicial officer determines that the release described in subsection (b), that is, release on personal recognizance, or with an unsecured appearance bond, will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community:

> such judicial officer shall order the pretrial release of the person –
>
> > (A) subject to the condition that the person not commit a Federal, State, or local crime . . .; and
> >
> > (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include . . .
>
> [any of the thirteen possible conditions listed] or any other condition that is reasonably necessary.

18 U.S.C. § 3142(c)(1)(B). Here, the defendant was released subject to a series of special conditions, including location monitoring and curfew, in order to ensure the safety of the community.

The Section 3142(g) factors weigh strongly in favor of maintaining location monitoring and curfew for this defendant. 18 U.S.C. § 3142(c)(1)(B).

Here, the nature and circumstances of the charged offense plainly justify the location monitoring and curfew. The defendant stormed the Capitol wearing a tactical vest, with an armed co-defendant, while exhorting others to do the same. While in the Capitol, the defendant obtained zip-ties and carried them into the Senate Gallery. In the aftermath of the riot, the Defendant told a journalist that she would "rather die" and "fight" than "live under oppression." *See supra.* Although January 6 has passed, the threat of violence has not.

The weight of the evidence of Eisenhart's conduct is also very strong. The entire course of conduct is captured by a 50-minute video recorded by co-defendant Munchel and now in the custody of the FBI.

On one hand, Eisenhart's history and characteristics do not support these restrictions because she has no criminal history or history of violence aside from these charges. However, her statements to the press in the aftermath of the riot reveal a continued willingness to "fight," which strongly supports the restrictions at issue.

Eisenhart's words and actions on January 6 and afterwards evince a clear threat to the safety of the community. As the Court noted in its Memorandum Opinion ordering detention, "Eisenhart has supported the overthrow of the United States government. As a self-avowed, would-be martyr, she poses a clear danger to our republic." *See* ECF 24 at 16.

Accordingly, the Section 3142(g) factors weigh heavily in favor of maintaining location monitoring and curfew as conditions of release that are necessary to ensure the safety of the community during the pendency of the Defendant's pre-trial release.

The Defendant proffers no support for her motion to remove this condition of relief aside from the recommendation of the Pretrial Services Officer and because removal of monitoring would better allow for exercise and the routine activities of daily life. *See* ECF 81 at 1.

WHEREFORE, for the foregoing reasons, the government requests this Court deny the Defendant's motion for modification of bond.

Respectfully submitted,

Channing D. Phillips
Acting U.S. Attorney
D.C. Bar No. 415793

/s/ Leslie A. Goemaat
LESLIE A. GOEMAAT
MA Bar No. 676695
Assistant United States Attorney
Fraud Section
U.S. Attorney's Office
555 4th Street, N.W., Room 5840
Washington, D.C. 20530
Office: 202-803-1608
Email: Leslie.Goemaat@usdoj.gov

/s/ Justin Sher
JUSTIN SHER
D.C. Bar No. 974235
Trial Attorney
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20004
Office: 202-353-3909
Justin.Sher@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon all parties of record.

/s/ Leslie A. Goemaat
LESLIE A. GOEMAAT
Assistant United States Attorney