**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.                                                                  Case No. 21-cr-118-RCL

ERIC GAVELEK MUNCHEL and
LISA MARIE EISENHART,

                    Defendants.

## APPLICATION FOR ACCESS TO VIDEO EXHIBITS

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28 (BAH), applicants

Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The

Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News,

Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company,

Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher

of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC

News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC,

d/b/a The Washington Post (together, the "Press Coalition") respectfully seek access, under the

First Amendment and common law, to certain video recordings that have been submitted to the

Court in this matter.  In support of this application the Press Coalition states as follows:

1.      On May 14, 2021, in response to a motion filed by the Press Coalition, Chief

Judge Beryl A. Howell issued Standing Order No. 21-28 (the "Standing Order").  The Standing

Order recognizes "[t]he significant public and media interest in the numerous criminal cases

arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol

Cases'), for which the parties are routinely submitting video exhibits to the Court for use in

pretrial proceedings."  *See* Standing Order at 2.

2.      To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3.      The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6.  Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" into which the Government has agreed to place videos subject to access orders in the Capitol Cases. *See id.* at 6.

4.      This action is one of the Capitol Cases.  Defendants Eric Gavelek Munchel and Lisa Marie Eisenhart are charged with "conspiracy," "obstruction of an official proceeding," and "unlawful entry, violent entry, and aiding and abetting violent entry."  Mem. Op. at 6, Dkt. 24.

5.      Ahead of the February 17, 2021 detention hearing, counsel for Munchel submitted videos to the Court, and the Government submitted a 50-minute iPhone video recorded by Munchel on January 6, "along with 8 videos from Capitol Police surveillance videos" (the "Video Exhibits"). *See* Feb. 19, 2021 Hr'g Tr. 17:1-6, Dkt. 32; Mot. to Supplement Record with Sealed Video at 3, Dkt. 36.  In its opinion that day holding both Defendants should be detained pending trial, the Court repeatedly referenced a 50-minute video recorded by Munchel during the January 6 riot.  Mem. Op. at 3, 4, 12, Dkt. 24.  The D.C. Circuit also repeatedly cited the 50-minute video in remanding and ordering the Court reconsider the detention determination. *See* USCA Opinion, Dkt. 55-2.

6.       These Video Exhibits were plainly "intended to influence the court" in its decision-making, and as a result they are judicial records subject to a "strong presumption in favor of public access." *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.).

7.       Neither the Government nor the Defendant could possibly rebut the presumption of access under the applicable test set out in *United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980).  *See, e.g.*, *United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841 (D.D.C. Mar. 17, 2021) (Howell, C.J.) (granting access to video exhibits in one of the Capitol Cases).

8.       Because the Video Exhibits are judicial records subject to an unrebutted presumption of public access, the Court should grant this Application and direct the Government to release the Video Exhibits to the Press Coalition via electronic "drop box" within 72 hours. To expedite that release, the Court should further instruct the Government to provide undersigned counsel with the "necessary access credentials" referenced in the Standing Order.

9.       The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge."  *See* Standing Order at 6.  The Press Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish these Video Exhibits.[1]

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Government to release the Video Exhibits, without restriction, within 72 hours.

---

[1] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.

3

Dated:  September 16, 2021          Respectfully submitted,

                                    BALLARD SPAHR LLP

                                    /s/ *Charles D. Tobin*
                                    Charles D. Tobin (#455593)
                                    Maxwell S. Mishkin (#1031356)
                                    Lauren Russell (#1697195)
                                    1909 K Street, NW, 12th Floor
                                    Washington, DC 20006
                                    Tel: (202) 661-2200
                                    Fax: (202) 661-2299
                                    tobinc@ballardspahr.com
                                    mishkinm@ballardspahr.com
                                    russelll@ballarspahr.com

                                    *Counsel for the Press Coalition*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2021, I caused true and correct copies of the

foregoing to be served via electronic mail and U.S. Mail on the following:

Justin Todd Sher
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530
justin.sher@usdoj.gov

Leslie A. Goemaat
U.S. ATTORNEY'S OFFICE
555 4th St. NW
Washington, DC 20530
leslie.goemaat@usdoj.gov

*Counsel for the United States of America*

Sandra Gayle Roland
FEDERAL PUBLIC DEFENDER FOR D.C.
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
sandra_roland@fd.org

*Counsel for Defendant Eric Gavelek Munchel*

Gregory Stuart Smith
LAW OFFICES OF GREGORY S. SMITH
913 East Capitol Street, SE
Washington, DC 20003
gregsmithlaw@verizon.net

*Counsel for Defendant Lisa Marie Eisenhart*

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)