UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No. 1:21-cr-118 (RCL) |
| ERIC MUNCHEL and : | |
| LISA EISENHART, : | |
| : | |
| Defendants. : | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO SUPPRESS STATEMENTS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that this Court deny defendants Eric Munchel and Lisa Eisenhart's nearly identical boilerplate motions seeking to suppress "any statement" either defendant "*may* have made to any government official or agent thereof, *or any other person . . .*" ECF Nos. 173, 184 (emphasis added). First, the defendants' motions are overbroad; there is no basis, constitutional or otherwise, to suppress statements made in non-custodial contexts and/or to non-government officials/agents. Second, the defendants' motions lack sufficient detail for the government even to respond to them, let alone for the Court to grant them.

The defendants received all of the case-specific discovery over 18 months ago. Additionally, in the course of plea negotiations, the defendants have received multiple draft Statements of Offense, intended to accompany plea agreements, that outline statements made by the defendants on which the government intends to rely, either to support a plea or at trial. Yet the defendants' motions fail to identify *any* specific statements they wish to suppress. Moreover, the

1

law cited in the defendants' motions suggest that they are challenging the voluntariness of these unidentified statements, and yet the defendants present no facts whatsoever on which the Court could rely to find that these unidentified statements were involuntary.

As such, the defendants' motions do not present anything to which the government could respond, let alone a viable question on which the Court could rule. Consequently, the defendants' motions are not really motions at all, and the Court should not only deny them but also find that the defendants have waived any suppression arguments. *Cf. Center v. Sec'y, Dep't Homeland Sec.*, 895 F.3d 1295, 1299 (11th Cir. 2018) ("[W]e have repeatedly explained that arguments briefed in the most cursory fashion are waived."); *Stanley v. City of Florida*, No. 6:20-cv-629-WWB-GJK, 2021 WL 6333059, at *4 (M.D. Fla. Mar. 1, 2021) ("Conclusory, vague, and unsupported arguments are deemed waived and will not be considered by this Court.").

For the foregoing reasons, the defendants' suppression motions, *see* ECF Nos. 173, 184, should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, FL 33606
(813) 274-6370
michael.gordon3@usdoj.gov

*/s/ Rebekah E. Lederer*
REBEKAH E. LEDERER
Assistant United States Attorney

                Pennsylvania Bar No. 320922
                601 D Street, N.W.
                Washington, D.C. 20001
                (202) 252-7012
                Rebekah.Lederer@usdoj.gov